UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LAUNDRY, DRY CLEANING WORKERS AND       :
ALLIED INDUSTRIES HEALTH FUND,          :
UNITE HERE!, and LAUNDRY, DRY CLEANING  :
WORKERS AND ALLIED INDUSTRIES           :
RETIREMENT FUND, UNITE HERE!,           :
                                        :
                     Petitioners,       :    07 Civ. 7593 (DLC)
                                        :
          -v-                           :    MEMORANDUM
                                        :    OPINION & ORDER
LINENS OF EUROPE, INC., LINENS OF       :
EUROPE NEW YORK, INC., and S DURAN L,   :
as a single employer,                   :
                                        :
                     Respondents.       :
----------------------------------------X

DENISE COTE, District Judge:

   Petitioner employee benefit funds ("petitioners" or the "funds") filed on August 21, 2007 a petition to confirm and enforce an arbitration award, and for interest and costs. Service of the summons and complaint was made on the respondents on September 18. Respondents did not answer the complaint. An Order of October 19 advised the parties that the application would be treated as a motion for summary judgment and set a briefing schedule for the motion. By that Order, respondents were required to submit their opposition to petitioners' motion by November 16; respondents have not opposed the motion. For the following reasons, petitioners' motion for summary judgment is granted.

BACKGROUND

This dispute arises from a collective bargaining agreement (the "Agreement") executed by the petitioners and respondents. The Agreement requires respondents to pay contributions toward the funds for the duration of the Agreement, and to furnish to the funds' trustees, "upon request, such information and reports as they may require in the performance of their duties under any of the agreements and declarations of trust." According to petitioners, respondents failed to make their required contributions for the period from June 30 through July 27, 2007. Further, petitioners allege that respondents failed to reply to a subpoena requiring them to produce the relevant books and records from which petitioners could compute the sums due to be contributed to the funds for the period June 30 through July 27. Pursuant to the Agreement, petitioners served a Notice of Arbitration Hearing on respondents on July 11, and this dispute was referred to arbitration on July 31.

On July 31, counsel for petitioners appeared at the arbitration hearing held before Arbitrator Dr. Philip Ross; neither the respondents nor any representative made an appearance. The arbitrator received evidence from petitioners, including the Agreement, a summary of the delinquent contributions sought in the arbitration, the notice of intention to arbitrate, and the subpoena served on respondents. "From the

2

evidence available to [him]," the arbitrator found respondents to be in violation of the Agreement. The arbitrator awarded petitioners $5,210.04 in delinquent contributions, legal fees in the amount of $100, and auditing and accounting costs in the amount of $32. Further, pursuant to the terms of the Agreement and section 502(g)(2) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(g)(2), the arbitrator awarded petitioners interest on the unpaid contributions at the Agreement's set rate of eighteen percent ($44.29), plus liquidated damages equal to twenty percent of the delinquent contributions ($1,042.01). The total of the arbitrator's award was $6,428.34. Petitioners now seek confirmation of the arbitrator's award as well as interest from July 28 through November 16, the date respondents' opposition to petitioners' motion was due, and costs in the amount of $350.00.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no

3

material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Sista v.. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid summary confirmation of an arbitration award is very high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "Only a barely colorable justification for the outcome reached by the

arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Respondents have not submitted any opposition to raise a question of fact. Therefore, the petition to confirm the arbitration award is granted.

Petitioners also seek interest and costs for the confirmation proceeding. Section 502(g)(2) of ERISA permits a court to award a plan or its trustees "interest on the unpaid contributions," 29 U.S.C. § 1143(g)(2)(B), as well as "costs of the action," 29 U.S.C. § 1143(g)(2)(D), in actions in which a judgment in favor of the plan is awarded. The Agreement sets the interest rate on unpaid contributions at eighteen percent. Accordingly, petitioners are awarded interest in the amount of $287.76, for the period spanning July 28 through November 16, as well as the costs incurred in filing this action, in the amount of $350.00.

CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. In addition, petitioners are awarded interest in the amount of $287.76 and costs in the amount of $350. The Clerk of Court shall enter judgment for the

petitioners and close the case.

    SO ORDERED:

Dated:    New York, New York
           December 4, 2007

                                             DENISE COTE
                              United States District Judge